*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



**CONCURRING OPINION**

No. 04-07-00692-CV

Anna **DRAKER**,
Appellant

v.

Benjamin **SCHREIBER**, a Minor, Lisa Schreiber,
Ryan Todd, a Minor, Lisa Todd, and Steve Todd,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 06-08-17998-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring opinion by: Catherine Stone, Justice

Sitting:        Catherine Stone, Justice
              Karen Angelini, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  August 13, 2008

I concur in the opinion and judgment of the court. I write separately, however, to express frustration with the current state of Texas law regarding the tort of intentional infliction of emotional distress.

The conduct of the students in this case is, in my opinion, outrageous. Simply stated, it is not acceptable conduct in our society. The school children of this state should know that appropriating the identity of a teacher or school administrator to create a fraudulent internet social

profile is unacceptable, and that engaging in such conduct will have consequences. In this case, however, there is no civil legal consequence for the unacceptable conduct. The lack of a consequence is because, in Texas, a claim for intentional infliction of emotional distress exists only in theory.

Texas has recognized the independent tort of intentional infliction of emotional distress since the 1993 supreme court decision in *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993) (adopting the elements of the RESTATEMENT (SECOND) OF TORTS § 46 (1965)). Since that time, however, the opinions addressing the tort have enlarged the requirements to such an extent that it is virtually impossible for a litigant to successfully pursue a claim for intentional infliction of emotional distress. The tort is a "gap-filler" tort, not meant to circumvent limitations placed on recovery under more established tort doctrines. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). The tort is reserved for those rare instances where a defendant engages in extreme and outrageous egregious conduct and intentionally inflicts severe emotional distress. *Id*. If the gravamen of the plaintiff's complaint is covered by a statute or another tort, then the claim for intentional infliction of emotional distress will fail, even if the plaintiff does not make a claim under another tort or cannot succeed in making a claim under another tort. *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004). Even as onerous as these standards are, Texas jurists have expressed dissatisfaction with the tort. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 815 (Tex. 2005) (noting that "[f]or the tenth time in little more than six years, we must reverse an intentional infliction of emotional distress claim for failing to meet the exacting requirements of that tort"); *Hoffmann-LaRoche Inc.,* 144 S.W.3d at 450-51 (Hecht, J., concurring)

(stating "fundamental position that the tort of intentional infliction of emotional distress should not exist at all"); *Id.* at 451 (O'Neill, J., concurring) (describing the "gap-filler" approach to the tort as "a cure worse than the disease").

The internet capabilities of modern society present numerous opportunities for individuals to engage in extreme and outrageous conduct that can produce severe emotional distress. *See Layshock v. Hermitage Sch. Dist.*, 496 F. Supp.2d 587, 590-91 (W.D. Pa. 2007) (discussing student's creation of a false MySpace profile of his high school principal); David L. Hudson, Jr., *Taming the Gossipmongers*, 94 A.B.A. J. 19 (2008) (reviewing the use of the 1996 Communications Decency Act to protect Web publishers, such as juicycampus.com, from liability for content created by third parties); John Seigenthaler, Op-Ed, *A false Wikipedia 'biography,'* USA Today, November 29, 2005, *available at* http://www.usatoday.com/news/opinion/editorials/2005-11-29-wikipedia-edit_x.htm (detailing "Internet character assassination" of former government official with internet "biography" reference indicating official was suspected of involvement in the assassinations of President John Kennedy and Attorney General Robert Kennedy); Linda Deutsch, *Woman pleads not guilty in Internet suicide case*, USA Today, June 16, 2008, *available at* http://www.usatoday.com/news/nation/2008-06-16-327594069_x.htm (discussing 13-year-old girl's suicide after receiving more than a dozen cruel messages from a nonexistent teen boy via a false MySpace profile). There appears to be little civil remedy for the injured targets of these internet communications. Intentional infliction of emotional distress would seem to be one option. But as it has developed, the tort is nearly impossible to establish. The citizens of Texas would be

better served by a fair and workable framework in which to present their claims, or by an honest statement that there is, in fact, no remedy for their damages.


Catherine Stone, Justice